[Cite as *State v. Baldwin*, 2011-Ohio-495.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                      |
|--------------------------|---|------------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.     |
|                          | : | Hon. William B. Hoffman, J.  |
| Plaintiff-Appellee       | : | Hon. John W. Wise, J.        |
|                          | : |                              |
| -vs-                     | : |                              |
|                          | : | Case No. 2010-CA-00223       |
| LAWRENCE D. BALDWIN      | : |                              |
|                          | : |                              |
| Defendant-Appellant      | : | O P I N I O N                |


CHARACTER OF PROCEEDING:     Criminal appeal from the Stark County
                             Court of Common Pleas, Case No. 2006-
                             CR-0807

JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      January 31, 2011


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JOHN D. FERRERO                     LAWRENCE D. BALDWIN, PRO SE
PROSECUTING ATTORNEY                No. 513-561
BY: KATHLEEN O. TATARSKY            M.C.I. – Box 57
110 Central Plaza South, Ste. 510   Marion, OH 43301
Canton, OH  44702

*Gwin, P.J.*

{¶1} Defendant-Appellant, Lawrence Baldwin, appeals the July 19, 2010 judgment of the Stark County Court of Common Pleas resentencing him pursuant to R.C. 2929.191.

STATEMENT OF THE CASE AND FACTS

{¶2} Appellant was originally indicted on one count of robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2). After a jury trial where appellant represented himself, he was found guilty as charged in the indictment and was sentenced to seven years in prison.

{¶3} Appellant was appointed counsel for the purposes of his direct appeal. In that appeal, appellant argued that his conviction was against the manifest weight of the evidence. In a unanimous decision, this Court affirmed appellant's conviction. *State v. Baldwin*, Stark App. No. 2006-CA-00292, 2007-Ohio-5812. The Ohio Supreme Court declined to review appellant's case. *State v. Baldwin,* 118 Ohio St.3d 1435, 887 N.E.2d 1203, 2008-Ohio-2595 (Ohio Jun 04, 2008) (Table, NO. 2008-0440).

{¶4} Subsequent to his appeal, appellant filed a petition for post-conviction relief. The trial court denied that petition by Judgment Entry filed November 7, 2007. Additionally, appellant filed a Writ of Mandamus with this Court, requesting that the trial court issue Findings of Facts and Conclusions of Law with respect to its judgment on his post-conviction petition. This Court granted the writ in *State v. Baldwin*, Stark App. No.2007CA00341, 2008-Ohio-837.

{¶5} On December 7, 2007 appellant filed a notice of appeal in Stark App. No. 2007-CA-00355. Finding no final appealable order, this Court dismissed that appeal by

Judgment Entry filed February 11, 2008. On March 3, 2008 appellant filed a Notice of Appeal to the Ohio Supreme Court. The Ohio Supreme Court turned down appellant's request to file a delayed appeal.  See, *State v. Baldwin*, 117 Ohio St.3d 1404, 881 N.E.2d 273, 2008-Ohio-565 (Ohio Feb 20, 2008) (Table, NO. 2008-0065).

**{¶6}**  On June 14, 2007 appellant filed a petition for post-conviction relief in the trial court.  The trial court denied this petition by Judgment Entry filed March 6, 2008. On March 17, 2008 appellant filed an appeal in Stark App. No. 2008-CA-0056 from the trial court's February 25, 2008 entry denying appellant's motion for summary judgment on his petition for post-conviction relief.  By Judgment Entry filed April 30, 2008, this Court dismissed that appeal for failure to comply with this Court's March 26, 2008 order that appellant comply with the Local Appellate Rules of Court.

**{¶7}**  On June 19, 2008 appellant filed a Notice of Appeal in Stark App. No. 2008-CA-0136.  On June 23, 2008 appellant filed a Motion to file a Delayed Appeal in that case.  This Court denied appellant's request to file a delayed appeal by Judgment Entry filed August 5, 2008.

**{¶8}**  On September 14, 2009, appellant filed what was essentially a motion for resentencing, claiming that his sentence was void because it did not state the "O.R.C." or "felony level" of the offense.  The trial court denied appellant's motion on September 24, 2009.  This Court affirmed the trial court's decision, See, *State v. Baldwin,* Stark App. No. 09-CA-262, 2010-Ohio-2867.  The Ohio Supreme Court declined to accept appellant's case.  *State v. Baldwin*, 126 Ohio St.3d 1601, 935 N.E.2d 47, 2010-Ohio-4928 (Ohio Oct 13, 2010) (Table, NO. 2010-1309).

{¶9} On April 12, 2010, the trial court conducted a re-sentencing hearing via video conferencing at which appellant was represented by counsel. The trial court re-sentenced appellant in order to advise him of mandatory post-release control terms and conditions. At that hearing, the trial court purported to "re-sentence" appellant to the same sentences that he had previously received, and to include post-release control as part of each of appellant's sentences. The court issued a journal entry on April 19, 2010 reflecting the re-sentencing. On May 17, 2010 appellant filed a Notice of Appeal in Stark App. No. 2001-CA-0127. On September 17, 2010, this Court dismissed that appeal for want of prosecution.

{¶10} On July 6, 2010, the trial court conducted a re-sentencing hearing via video conferencing at which appellant was represented by counsel. The trial court re-sentenced appellant in order to advise him of mandatory post-release control terms and conditions. At that hearing, the trial court purported to "re-sentence" appellant to the same sentences that he had previously received, and to include post-release control as part of each of appellant's sentences. The court issued a journal entry on July 19, 2010 reflecting the re-sentencing.

{¶11} It is from the July 19, 2010 Judgment Entry of the Stark County Court of Common Pleas that appellant has appealed in the above-captioned case, raising as his sole assignment of error,

{¶12} "I. THE TRIAL COURT ERRED BY RESENTENCING THE APPELLANT TO A SENTENCE FOR 2ND [SIC.] DEGREE ROBBERY. THE JURY FOUND THE APPELLANT GUILTY OF THE LEAST DEGREE OF THE OFFENSE, 3RD [SIC.]

DEGREE ROBBERY AS REQUIRED BY STATE V. PELFREY, 112 OHIO ST.3D 432, 2007-OHIO-256(U.S. CONST 14TH AMEND. OHIO CONST. SECT. [SIC.]10, ART. 1).

I.

**{¶13}** Recently, the Ohio Supreme Court has rejected the argument that a void sentence is a legal nullity and a defendant's appeal following resentencing for post-release control errors was his first appeal as of right. In *State v. Ketterer*, Donald Ketterer had been convicted of capital and noncapital offenses. 126 Ohio St.3d 448, 935 N.E.2d 9, 2010-Ohio-3831. The Ohio Supreme Court held that the trial court properly denied the motion to withdraw Ketterer's guilty pleas. Because mandatory post-release control was not properly imposed, however, the Court remanded the case for the trial court to conduct a hearing under R.C. 2929.191. While the case was on remand for resentencing, Ketterer filed a motion to withdraw his guilty pleas. (Id. at ¶ 55). In response, the state argued that res judicata barred Ketterer's motion to withdraw his guilty pleas because on the first appeal, the Supreme Court rejected his attacks on his pleas. (Id. at ¶ 59).

**{¶14}** The Court agreed noting, "In Ketterer's first appeal, this court considered most of the claims that Ketterer raised on remand as a basis to withdraw his guilty pleas...Thus, res judicata was a valid basis for rejecting these claims." (Id. at ¶ 60).

**{¶15}** Furthermore, the Court stated, "the state invokes *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97-98, 9 O.O.3d 88, 378 N.E.2d 162, to argue that the court lacked jurisdiction to vacate Ketterer's guilty pleas. In *Special Prosecutors*, this court held that 'Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to

withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.' Id. at 97-98, 9 O.O.3d 88, 378 N.E.2d 162.

{¶16} "On appeal, this court affirmed Ketterer's convictions and death sentence. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 12. Ketterer's appeal was later reopened and his case was remanded for the limited purpose of resentencing him on his noncapital offenses, 113 Ohio St.3d 1463, 2007-Ohio-1722, 864 N.E.2d 650. Under the authority of *Special Prosecutors*, the panel had no authority to consider Ketterer's motion to withdraw his guilty pleas, let alone grant him a new trial." *Ketterer,* 126 Ohio St.3d at 460, 935 N.E.2d at 22, 2010-Ohio-3831 at ¶ 61-62. See also *State v. Nichols,* Richland App. No. 2009-CA-0111, 2010-Ohio-3104; *State v. Samples*, Stark App. No, 2010-CA-00122, 2011-Ohio-179.

{¶17} We note that in the case at bar, the trial court originally sentenced appellant on October 6, 2006 after the effective date of R.C. 2929.191. See, *State v. Nichols*, supra at ¶ 15. Accordingly, we find as we did in *Nichols,* supra, "that an appeal from a re-sentencing entry for sentences imposed after July 11, 2006, is limited to issues concerning the re-sentencing procedure. Under these circumstances, we find that an appellant may not raise additional arguments relating to his conviction following his resentencing." (Id. at ¶ 19). Res judicata is a valid basis for rejecting these claims. *Ketterer,* supra.

**{¶18}** Appellant is not entitled to a second appeal as of right from the trial court original sentencing entry filed October 6, 2006. Accordingly, appellant's first assignment of error is barred by res judicata.

**{¶19}** Appellant's sole assignment of error is overruled.

**{¶20}** For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

WSG:clw 0126

[Cite as *State v. Baldwin*, 2011-Ohio-495.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                    Plaintiff-Appellee :
                                       :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
LAWRENCE D. BALDWIN                    :
                                       :
                                       :
                    Defendant-Appellant :       CASE NO. 2010-CA-00223


         For the reasons stated in our accompanying Memorandum-Opinion, the

judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.  Costs

to appellant



                                          _____
                                          HON. W. SCOTT GWIN


                                          _____
                                          HON. WILLIAM B. HOFFMAN


                                          _____
                                          HON. JOHN W. WISE