[Cite as *State v. Hines*, 193 Ohio App.3d 660, 2011-Ohio-3125.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY


THE STATE OF OHIO,

     APPELLEE,                                   CASE NO. 1-10-92

     v.

HINES,                                     O P I N I O N

     APPELLANT.


Appeal from Allen County Common Pleas Court
Trial Court No. CR 2004 0016

Judgment Affirmed

Date of Decision:   June 27, 2011


APPEARANCES:

     **Christina L. Steffan**, for appellee.

     **Michael J. Short**, for appellant.


SHAW, Judge.

{¶1} Appellant, Dennis Hines, appeals the December 21, 2010 judgment of the Allen County Court of Common Pleas correcting his judgment entry of sentence and conviction to properly impose postrelease control and overruling his motion for sentence to lesser degree of offense.

{¶2} On April 29, 2004, a jury convicted Hines on one count of trafficking in crack cocaine, a felony of the third degree; one count of trafficking in crack cocaine, a felony of the second degree; one count of trafficking in powder cocaine, a felony of the fourth degree; one count of possession of power cocaine, a felony of the fifth degree; and one count of having weapons under disability, a felony of the fifth degree.

{¶3} On June 1, 2004, the trial court sentenced Hines to serve a total sentence of 15 years and five months in prison. On June 30, 2004, Hines filed his notice of appeal with this court. In that appeal, Hines argued that the jury never returned a specific verdict finding of the amounts of the drugs related to his trafficking charges because the jury verdict forms failed to specify the amounts or the degree of felony of the offenses. As a result, Hines argued, the trial court could, as a matter of law, convict and sentence him only for the lesser degree of the offense pursuant to R.C. 2945.75(A)(2). Hines also assigned as error the trial court's imposition of consecutive maximum sentences.

{¶4} On December 27, 2005, this court issued its decision in Hines's appeal, overruling his assignments of error. Specifically, this court held that the trial court had substantially complied with R.C. 2945.75(A)(2), and we found no reversible error.

{¶5} On May 24, 2006, the Supreme Court of Ohio reversed the decision of this court regarding Hines's sentence and ordered the trial court to resentence him pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶6} On September 25, 2006, the trial court held a resentencing hearing and on September 26, 2006, the trial court issued its judgment entry of resentencing in compliance with the directives of *Foster*.

{¶7} On September 29, 2006, Hines filed his notice of appeal from the judgment entry of resentencing with this court. Hines presented only one assignment of error, specifically taking issue with his resentencing pursuant to *Foster*.

{¶8} On February 7, 2007, while Hines's second appeal was still pending, the Supreme Court issued *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, which held that pursuant to R.C. 2945.75(A)(2) a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense. Id. at ¶

14. Notably, Hines failed to supplement his pending appeal with this new decision or to otherwise raise the issue regarding jury-verdict forms in his second appeal.

{¶9} On June 25, 2007, this court issued its decision in Hines's second appeal, overruling his assignment of error concerning his resentencing pursuant to *Foster*.

{¶10} Over three years later, on November 17, 2010, Hines filed a motion to vacate a void sentence and resentence because he was not properly informed of postrelease control at sentencing. The trial court scheduled a hearing on the matter for December 20, 2010.

{¶11} On December 10, 2010, Hines filed a motion for sentence to a lesser degree of the offense, now arguing that the jury-verdict forms in his case were deficient pursuant to *State v. Pelfrey*, 112 Ohio St.3d 422, because they did not include the degree of offense or the aggravating element of the offenses for which he was found guilty. Hines maintained that based on the deficiency in the jury-verdict forms, the trial court was without authority to convict and sentence him to anything higher than the lowest degree of the offense.

{¶12} The matter of the improper imposition of postrelease control was heard by the trial court on December 20 and 21, 2010. The trial court noted that it had properly notified Hines on the record at the September 25, 2006 resentencing hearing that he is subject to a mandatory three years of postrelease control, but that

the September 26, 2006 judgment entry of resentencing contained the words "up to" instead of specifying that Hines's three years of postrelease control supervision were mandatory. The trial court also addressed Hines's motion for sentence to a lesser degree of the offense, noting that this court had had an opportunity to consider the issue of the jury-verdict forms in Hines's first appeal and that Hines had failed to raise the issue of the jury-verdict forms on his second appeal after *Pelfrey* had been released. Because this court had had two opportunities to review the issue, the trial court concluded that Hines's motion for sentence to a lesser degree of the offense was barred by res judicata.

{¶13} The trial court further noted that because Hines was resentenced after the effective date specified in R.C. 2929.191, a de novo hearing was not required. Therefore, the trial court determined that the only issue properly before it was whether the September 26, 2006 judgment entry of resentencing should be corrected to reflect the proper term of postrelease control. Accordingly, on December 21, 2010, the trial court resentenced Hines and issued a nunc pro tunc entry, as authorized by R.C. 2929.191, to correct the September 26, 2006 judgment entry of resentencing.

{¶14} Hines now appeals this judgment, asserting the following assignment of error.

**ASSIGNMENT OF ERROR**

> The trial court erred in ruling the defendant's motion pursuant to *State v. Pelfrey* was barred by res judicata, and not resentencing the defendant on the least degree of the offense to which he was convicted.

{¶15} In his sole assignment of error, Hines argues that the trial court erred when it determined that his motion for sentence to a lesser degree was barred by res judicata. In support of his argument, Hines asserts that the September 26, 2006 judgment entry of resentencing is "void, not only for the postrelease control issue, but also because the verdict forms did not comply with the terms of [R.C. 2945.75]." Hines further contends that void sentences are not precluded by res judicata and can be reviewed at any time.

{¶16} Initially, we note that in our review of *Pelfrey*, we find no indication that a failure to strictly comply with R.C. 2945.75 renders a judgment void. Moreover, Hines cites no case law that so holds, nor have we found any such authority. Moreover, the Supreme Court of Ohio made it clear that its decision in *Pelfrey* did not make "new" law, but simply applied R.C. 2945.75 as the Ohio General Assembly had expressly written it. Accordingly, any failure of the jury verdicts to comply with the statute, or any reduction of sentence pursuant to *Pelfrey,* should have been raised on Hines's direct appeal from his September 26, 2006 resentencing. Hines had over four months between the release of *Pelfrey* and the issuance of this court's decision on his second appeal to raise this issue.

However, Hines chose not to do so.  Consequently, the issue is now barred by res judicata. See, e.g,. *State v. Martin*, 9th Dist. No. 25534, 2011-Ohio-1781, at ¶ 7; *State v. Sowards*, 4th Dist. No. 09CA8, 2011-Ohio-1660, at ¶ 10; *State v. Baldwin*, 5th Dist. No. 2010-CA-00223, 2011-Ohio-495 (all reaching similar conclusions on the matter).

{¶17} Furthermore, the Supreme Court of Ohio in *State v. Fischer* clarified the meaning of "void" as it relates to the improper imposition of postrelease control by stating that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that part of the sentence is void and must be set aside.  Neither the Constitution nor common sense commands anything more."  (Emphasis omitted.)  *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, 2010-Ohio-6238, at ¶ 26.  Accordingly, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence."  Id. at ¶40.  Thus, the only part of Hines's sentence considered to be void is the error in the judgment entry of resentencing concerning postrelease control.

{¶18} *Fischer* further holds that "the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control." *Fischer* at ¶ 29.  Therefore, we concur with the reasoning of the trial court that the only matter properly before it was the correction of Hines's

judgment entry of resentencing pursuant to R.C. 2929.191 and that all other matters relating to his conviction and sentence were barred by res judicata.

{¶19} Based on the foregoing, Hines's assignment of error is overruled, and the judgment of the Allen County Court of Common Pleas is affirmed.

Judgment affirmed.

PRESTON and WILLAMOWSKI, JJ., concur.