[Cite as *Perry v. Sloan*, 2016-Ohio-1605.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| RONNIE PERRY, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2015-A-0064** |
| BRIGHAM SLOAN, WARDEN, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Ronnie Perry*, pro se, PID: A642-540, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Mike DeWine*, Ohio Attorney General, and *Jerri L. Fosnaught*, Assistant Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} This matter is before the court pursuant to the petition for writ of habeas corpus filed by pro se petitioner, Ronnie Perry, against respondent, Brigham Sloan, warden. This court granted an alternative writ ordering respondent to respond to the petition. Respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6). For the reasons that follow, we grant respondent's motion and dismiss the petition.

{¶2} Petitioner, in Richland County Court of Common Pleas case number 2012 CR 421, was charged by indictment with one count of marijuana possession, in violation of R.C. 2925.11(A) and (C)(3)(e), and one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(1) and (C)(3)(e), both felonies of the third degree. In case number 2012 CR 832, appellant was charged by indictment with possession of marijuana, in violation of R.C. 2925.11(A) and (C)(3)(g), a felony of the second degree. A jury trial was held; petitioner was found guilty.

{¶3} In case number 2012 CR 421, petitioner was sentenced to a prison term of 15 months, later amended to 12 months. In case number 2012 CR 832, appellant was sentenced to a prison term of eight years to be served consecutively to the sentence in 2012 CR 421. An appeal followed. The Fifth Appellate District affirmed the judgment of the trial court. *State v. Perry*, 5th Dist. Richland Nos. 13CA56, 14CA27, & 14CA28, 2015-Ohio-779. The Ohio Supreme Court declined jurisdiction to hear the appeal. *State v. Perry*, 143 Ohio St.3d 1406, 2015-Ohio-2747. *See also Perry v. Sloan*, N.D. Ohio No. 1:15 CV 1624, 2015 U.S. Dist. LEXIS 120564 (Sept. 8, 2015), denying writ of habeas corpus.

{¶4} Petitioner claims he is entitled to immediate release from confinement as the jury verdict forms in the above referenced cases failed to contain either the degree or the elements of the crimes of which he was convicted.

{¶5} Habeas corpus is an available remedy only in "certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, *e.g.*, appeal or postconviction relief." *State ex rel. Jackson v.*

2

*McFaul*, 73 Ohio St.3d 185, 186 (1995), citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 (1994). "Additionally, habeas corpus lies only if the petitioner is entitled to immediate release from confinement." *Id.* at 188, citing *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472 (1992); R.C. 2725.17.

**{¶6}** Here, petitioner had an adequate remedy at law in the form of a direct appeal and/or petition for postconviction relief. Petitioner's arguments with respect to the jury verdict forms are thus barred by the doctrine of res judicata. *See State v. Pesci*, 11th Dist. Lake No. 2011-L-057, 2011-Ohio-6211, ¶25, quoting *State v. Hines*, 193 Ohio App.3d 660, 2011-Ohio-3125 ¶16 (3d Dist.). As stated by the Ohio Supreme Court in *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus:

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment. (Emphasis sic.)

**{¶7}** The Ohio Supreme Court in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, syllabus held: "Pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." Any error in a verdict form under R.C. 2945.75(A)(2) merely renders the subsequent conviction voidable, not void. Thus, raising it as error in any proceeding except a direct appeal is barred by the doctrine of res judicata. *State v. Love*, 11th Dist. Lake No. 2011-L-159, 2012-Ohio-3209, ¶20-22.

3

{¶8} The Supreme Court decided *Pelfrey* on February 7, 2007, prior to petitioner's convictions at issue. Yet, despite appealing his convictions and seeking a mandamus in the United States District Court for the Northern District of Ohio, petitioner failed to raise this issue. Petitioner is, therefore, foreclosed from raising these issues; petitioner could have raised these issues related to the jury verdict form on direct appeal.

{¶9} We find no reason that petitioner is entitled to the extraordinary and extreme form of relief requested, i.e., immediate release from the custody of the state. Therefore, viewing the facts in the light most favorable to petitioner, we find that he has failed to state a claim upon which relief can be granted.

{¶10} Respondent's motion, pursuant to Civ.R. 12(B)(6), is hereby granted. Petitioner's petition for a writ of habeas corpus is dismissed.

DIANE V. GRENDELL, J., TIMOTHY P. CANNON, J., THOMAS R. WRIGHT, J., concur.