[Cite as *State v. Brown*, 2021-Ohio-573.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JAMES BROWN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0056**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 15-CR-290

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Paul Gains*, Mahoning County Prosecutor and *Atty. Ralph Rivera*, Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Wesley Johnston*, P.O. Box 6041, Youngstown, Ohio 44501, for Defendant-Appellant.

Dated:
March 2, 2021

**Donofrio, J.**

{¶1}    Defendant-appellant, James Brown, appeals from a Mahoning County Common Pleas Court judgment convicting him of aggravated robbery and an accompanying firearm specification.

{¶2}    In April 2016, following a jury trial, a jury found appellant guilty of two counts of aggravated robbery, first-degree felonies, with accompanying firearm specifications.  The trial court merged the two counts for sentencing.  On April 26, 2016, the court then sentenced appellant to 11 years for aggravated robbery and three years on the firearm specification, which was required to be served prior to and consecutive to the aggravated robbery sentence, for a total sentence of 14 years.  Appellant appealed to this court.

{¶3}    On appeal, we affirmed appellant's conviction but found that the trial court misstated the applicable post-release control term.  *State v. Brown*, 7th Dist. Mahoning No. 16 MA 0059, 2017-Ohio-7704.  Consequently, we reversed the sentencing judgment and remanded the matter for a limited resentencing hearing and sentencing entry to correct the post-release control defect.  *Id.* at ¶ 42.

{¶4}    On remand, the trial court held a limited hearing where it properly advised appellant of the applicable post-release control term.  It then entered a judgment on October 17, 2017, correctly setting out appellant's mandatory five-year term of post-release control.  Appellant did not appeal from that judgment.

{¶5}    On May 4, 2020, appellant filed a motion for judicial release.  The trial court overruled appellant's motion.

{¶6}    On May 18, 2020, appellant filed a pro se motion for delayed appeal.  The motion did not specify which judgment entry appellant attempted to appeal from, however, he listed alleged errors involving ineffective assistance of counsel, flaws with the indictment, speedy trial, and lack of evidence.  This court entered a judgment on August 14, 2020, stating that appellant's motion for delayed appeal of the April 26, 2016 conviction and sentence was sustained.

{¶7}    Appellant now raises a single assignment of error.

{¶8}    Appellant's sole assignment of error states:

THE TRIAL COURT ERRORED [sic.] WHEN IT FOUND BROWN GUILTY OF THE FIRST-DEGREE FELONY AGGRAVATED BURGLARY'S [sic.] WHEN THE VERDICT FORM DID NOT LIST AGGRAVATING ELEMENTS.

{¶9}    Appellant argues that the verdict form in his case did not comply with R.C. 2945.75(A)(2), which provides:

(A) When the presence of one or more additional elements makes an offense one of more serious degree:

* * *

(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

{¶10}   Appellant asserts that the verdict form in his case did not list the degree of aggravated burglary or any additional elements. He points out that aggravated burglary can be a first-degree, second-degree, or fourth-degree offense depending on circumstances. Because the verdict form lacks any aggravating elements and does not list the degree of the offense, appellant argues he should have been convicted of, and sentenced on, fourth-degree aggravated burglary.

{¶11}   The doctrine of res judicata provides that any issue that could have been raised on direct appeal, and was not, is barred in later proceedings and not subject to review. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶12}   Res judicata bars an appellant from raising the issue of deficiencies in jury verdict forms and arguing for a sentence on a lesser degree of an offense where appellant could have, and failed to, raise the issue in his prior appeal. *State v. Rarden*, 12th Dist. Butler No. CA2015-12-214, 2016-Ohio-3108; *State v. Hines*, 193 Ohio App.3d 660, 2011-

Ohio-3125, 953 N.E.2d 387 (3d Dist.). Thus, this issue is barred by the doctrine of res judicata.

{¶13} Moreover, even on the merits, appellant would not be entitled to relief. While appellant argues that he was convicted of the wrong level of aggravated burglary, he was not convicted of aggravated burglary.

{¶14} Appellant was convicted of aggravated robbery pursuant to R.C. 2911.01(A)(1)(C). Aggravated robbery can only be a first-degree felony. See R.C. 2911.01(C).

{¶15} Furthermore, even aggravated burglary can only be a first-degree felony. See R.C. 2911.11(B). Appellant incorrectly cites various statutory sections in his brief that appear to be referring to the various felony levels of burglary, which can be either a second, third, or fourth degree felony depending on the circumstances. See R.C. 2911.12(D)(E).

{¶16} Thus, in addition, there were no improprieties with the verdict forms as appellant suggests.

{¶17} Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶18} For the reasons stated above, the trial court's judgment is hereby affirmed.


Waite, J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**