[Cite as *Smiley v. Morris*, 2012-Ohio-320.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


RADI SMILEY

    Plaintiff-Appellant

-vs-

ROBERT MORRIS, et al.

    Defendants-Appellees

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.

Case No. 2011 CA 00098

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 2010 CV 01508 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 30, 2012 |
| APPEARANCES: | |

For Plaintiff-Appellant

G. IAN CRAWFORD
CRAWFORD, LOWRY & ASSOCIATES
116 Cleveland Avenue NW
Suite 800
Canton, Ohio 44702

For Defendants-Appellees

GREGORY A. BECK
ERIC J. STECZ
MELISSA DAY
BAKER, DUBLIKAR, BECK,
WILEY & MATHEWS
400 South Main Street
North Canton, Ohio 44720

*Wise, J.*

{¶ 1}   Appellant Radi Smiley appeals the trial court's denial of his motion for attorney fees following a jury trial in the Stark County Court of Common Pleas alleging violations of the Consumer Sales Practices Act.

## STATEMENT OF THE FACTS AND CASE

{¶ 2}   This case arises from a claim asserting faulty installation of a tile floor at the home of Plaintiff-Appellant Radi Smiley by Defendant-Appellee, Robert G. Morris, d.b.a. Morris Carpets.

{¶ 3}   In 2008, Appellant filed a Complaint in the Stark County Common Pleas Court alleging breach of contract and consumers sales practices violations against Appellee. Appellant subsequently dismissed and refiled this action on April 14, 2010.

{¶ 4}   Prior to the trial in this matter, Appellant filed a number of pre-trial briefs and motions, including a Motion to Bifurcate Claims for Attorney Fees on December 29, 2010. The issue of attorneys' fees under the CSPA was also addressed in advance of trial in Appellant's Trial Brief filed January 14, 2011.

{¶ 5}   The case was tried to a jury on February 17-18, 2011.[1]

{¶ 6}   On February 18, 2011, the jury returned a verdict in favor of Appellant, finding that Morris violated the CSPA and awarding damages in the amount of $2,700.00.

{¶ 7}   Pursuant to the Interrogatories submitted to the jury, the jury found that:

---

[1] Appellant's brief incorrectly cites the trial date as May 7-8, 2007. Appellee also incorrectly lists the trial date as May 6-7, 2011 and the date of the verdict and judgment as May 10, 2007.

{¶ 8} Morris violated Ohio Consumer Sales Practices Act by representing that the subject of a consumer transaction had been supplied in accordance with a previous representation of the supplier, when it had not been supplied as represented. (Jury Interrogatory No. 2).

{¶ 9} Morris violated the Ohio Consumer Sales Practices Act by failing to honor a warranty either express or implied. (Jury Interrogatory No. 4).

{¶ 10} Morris violated Ohio's Consumer Sales Practices Act by failing to perform services in a competent, satisfactory and workmanlike manner and then failed or refused to correct the substandard work or defect. (Jury Interrogatory No. 10).

{¶ 11} However, for each of these findings, the jury also responded in the negative when asked if Morris had "ACTED KNOWINGLY" when he violated the CSPA in each such instance. (Jury Interrogatories 3, 5 and 11).

{¶ 12} On February 23, 2011, Appellant filed a Motion for Treble damages and a Motion for Judgment Notwithstanding the Verdict on the Issue of Knowingly Violating the Consumer Sales Practices Act and a corresponding Motion for Hearing on Statutory Attorney's Fees.

{¶ 13} On February 24, 2011, Appellant filed a Motion for Injunctive Relief and a Motion for Prejudgment Interest.

{¶ 14} On March 3, 2011, Appellant filed a Supplemental Brief Re: Attorney's Fees, etc.

{¶ 15} On March 14, 2011, Appellant filed a Supplemental Brief in support of Motion for Injunctive Relief.

**{¶ 16}** On March 17, 2011, Appellant filed a Supplemental Memorandum in Support of Prejudgment Interest.

**{¶ 17}** By separate judgment entries dated March 30, 2011, the trial court overruled Appellant's motion for judgment notwithstanding the verdict and for attorney's fees, Appellant's motion for prejudgment interest and Appellant's motion for injunctive relief.

**{¶ 18}** By separate Judgment Entry filed March 30, 2011, the trial court granted Appellant's motion for treble damages.

**{¶ 19}** Appellant now appeals, assigning the following error for review:

## ASSIGNMENTS OF ERROR

**{¶ 20}** "I. PLAINTIFF-APPELLANT ASSERTS THE COURT BELOW ERRED AS A MATTER OF LAW BY DENYING APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND RELATED MOTION FOR ATTORNEY FEES UNDER THE CONSUMER SALES PRACTICES ACT. THE ISSUE IS PRIMARILY WHETHER THE TRIAL COURT SHOULD HAVE PROCEEDED WITH A DETERMINATION OF AN AWARD OF ATTORNEY'S FEES UNDER OHIO REVISED CODE §1345.09, MORE SPECIFICALLY, PLAINTIFF-APPELLANT SUBMITS:

**{¶ 21}** "1. THE COURT BELOW ERRED AS A MATTER OF LAW TO THE EXTENT IT ABROGATED TO THE JURY ITS DUTY TO DETERMINE ATTORNEY'S FEES UNDER OHIO'S CONSUMER SALES PRACTICES ACT.

**{¶ 22}** "2. THE COURT BELOW ERRED AS A MATTER OF LAW BY FAILING TO GRANT PLAINTIFF-APPELLANT'S MOTION FOR JUDGMENT

NOTWITHSTANDING THE VERDICT AS IT RELATED TO AN AWARD OF ATTORNEY'S FEES UNDER OHIO'S CONSUMER SALES PRACTICES ACT.

**{¶ 23}** "3. THE COURT BELOW OTHERWISE ERRED AS A MATTER OF LAW BY FAILING TO GRANT PLAINTIFF-APPELLANT'S VARIOUS REQUESTS FOR A DETERMINATION OF ATTORNEY'S FEES PURSUANT TO OHIO REVISED CODE §1345.09."

I.

**{¶ 24}** Appellant herein argues that the trial court erred in deferring to the jury on the determination of whether Defendant-Appellee's violations of the Consumer Sales Practices Act were "knowingly" committed pursuant to R.C. §1345.09.

**{¶ 25}** Appellant argues that such error deprived Appellant of the right and opportunity to request and obtain attorney's fees in the case sub judice.

**{¶ 26}** As a preliminary matter, we find that Appellant has failed to file a transcript of the jury proceedings. Appellee has moved to dismiss the appeal for this reason.

**{¶ 27}** "The duty to provide a transcript for appellant review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned error are omitted from the record, the reviewing court has nothing to pass upon and thus, * * * has no choice but to presume the validity of the lower's court's proceedings * * *. *Knapp v. Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. Where a transcript of proceedings in the trial court is necessary to exemplify the facts which determined the issues presented there, its absence requires a reviewing court to either dismiss the appeal or affirm the judgment of the court from

which the appeal is taken. *State v. Render* (1975), 43 Ohio St.2d 17, 330 N.E.2d 690, paragraph two of the syllabus.

{¶ 28} As set forth above, Appellant herein assigns as error the trial court's denial of his Motion for Judgment Notwithstanding the Verdict on the issue of attorney fees. More specifically, Appellant argues that the trial court's decision is based on the jury's determination that the violations of the Consumer Sales Practices Act were not "knowingly" committed pursuant to R.C. §1345.09.

{¶ 29} Appellant states the he objected in general to the "knowingly" jury instruction and in particular to the corresponding jury interrogatories.

{¶ 30} As Appellant has failed to include a transcript of the proceedings, we are unable to review Appellant's argument concerning the alleged failure of the trial court to properly instruct the jury on the issue of "knowingly". The record contains no proposed jury instructions and, as noted earlier, no transcript of the actual jury instructions have been provided to this Court. In light of the incomplete record, a meaningful review of this matter is precluded. *Knapp v. Edwards Laboratories, supra,* 199.

{¶ 31} Further, the standard for granting a motion for judgment notwithstanding the verdict or in the alternative for a new trial pursuant to Civ.R. 50(B) is the same as that for granting a motion for a directed verdict pursuant to Civ.R. 50(A). *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.,* 81 Ohio St.3d 677, 679, 693 N.E.2d 271, 1998–Ohio–602. Thus, JNOV is proper if upon viewing the evidence in a light most favorable to the nonmoving party and presuming any doubt to favor the nonmoving party, reasonable minds could come to but one conclusion, that being in favor of the moving party. *Wagoner v. Obert,* 180 Ohio App.3d 387, 401-402, 905 N.E.2d 694,

2008-Ohio-7041, citing *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.,* 95 Ohio St.3d 512, 769 N.E.2d 835, 2002–Ohio–2842. "Neither the weight of the evidence nor the credibility of the witnesses is for the [trial] court's determination in ruling upon [a JNOV]." *Osler v. Lorain* (1986), 28 Ohio St.3d 345, 347, 504 N.E.2d 19, quoting *Posin v. A.B.C. Motor Court Hotel* (1976), 45 Ohio St.2d 271, 275, 74 O.O.2d 427, 344 N.E.2d 334. When a trial court rules on a JNOV motion, all of the evidence introduced at trial is available for the trial court's consideration. *Beaston v. Slingwine,* Seneca App.No. 13-03-04, 2004-Ohio-924, citing *Osler,* supra, at 347, 504 N.E.2d 19.

{¶ 32} The decision to grant or deny a Civ.R. 50(B) motion for JNOV is reviewed de novo by an appellate court. *Wagoner,* supra, at 401, 905 N.E.2d 694, citing *Osler,* supra, at 347, 504 N.E.2d 19.

{¶ 33} Without a transcript of the proceedings, it is impossible for this Court to find that the trial court's decision is not supported by the record, and this Court is left with no choice but to presume the validity of the lower's court's proceedings and affirm.

{¶ 34} Accordingly, Appellant's assignment of error is overruled.

{¶ 35} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.
Hoffman, P. J., and
Edwards, J., concur.

_____

_____

_____
                                        JUDGES

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


RADI SMILEY                                  :
                                             :
        Plaintiff-Appellant                  :
                                             :
-vs-                                         :        JUDGMENT ENTRY
                                             :
ROBERT MORRIS, et al.                        :
                                             :
        Defendants-Appellees                 :        Case No. 2011 CA 00098



        For the reasons stated in our accompanying Memorandum-Opinion, the

judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

        Costs assessed to Appellant.



                                        _____

                                        _____

                                        _____

                                                    JUDGES