[Cite as *State v. Lee*, 2022-Ohio-2622.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                    CASE NO. 1-21-27

     v.

JAMES MARION LEE,                        O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2020 0199

**Judgment Affirmed**

**Date of Decision: August 1, 2022**

APPEARANCES:

    *Linda Gabriele* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**MILLER, J.**

{**¶1**} Defendant-appellant, James M. Lee, appeals the March 4, 2021 judgment of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

*Background*

{**¶2**} On September 17, 2020, Lee was indicted by the Allen County Grand Jury on three counts: Counts One and Two of burglary in violation of R.C. 2911.12(A)(2), second-degree felonies, and Count Three of receiving stolen property in violation of R.C. 2913.51(A), a fifth-degree felony. On September 24, 2020, Lee appeared for arraignment and pleaded not guilty to the counts of the indictment.

{**¶3**} On January 19, 2021, pursuant to a negotiated-plea agreement, Lee entered a guilty plea to Count One. In exchange, the State agreed to recommend dismissal of Counts Two and Three. The trial court accepted Lee's guilty plea and found him guilty of Count One. The trial court also dismissed Counts Two and Three of the indictment. Later that day, the trial court filed its judgment entry of conviction.

{**¶4**} At a sentencing hearing held on March 4, 2021, the trial court sentenced Lee to an indefinite sentence of 7 to 10 ½ years' imprisonment. The trial court filed its judgment entry of sentence that same day.

{¶5} On July 6, 2021, Lee simultaneously filed a motion for leave to file a delayed appeal and a notice of appeal. This court subsequently granted Lee's motion for leave to file a delayed appeal. Although Lee initially proceeded pro se, appellant counsel was subsequently appointed for Lee's direct appeal. On October 5, 2021, Lee's appellate counsel filed a brief and motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967).

{¶6} On November 15, 2021, while his appellant counsel's motion was pending, Lee filed a document tiled "Pro Se Merit Brief of Appellant James M. Lee." In the filing, Lee outlined three assignments of error. In a January 26, 2022 judgment entry, this court denied Lee's appellate counsel's request to withdraw as counsel.[1] Lee's appellate counsel subsequently filed an appellate brief raising two assignments of error, which we address together.

**Assignment of Error No. I**

**It was plain error for the trial court to impose sentence under the Reagan Tokes Law because its provisions are unconstitutional nullities.**

**Assignment of Error No. II**

**The defendant-appellant was denied his Sixth Amendment right to the effective assistance of counsel.**

---

[1] Although we denied Lee's counsel's motion to withdraw as appellate counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), the basis of our denial was not, as Lee's appellate counsel now suggests, due to the merit of the assignments of error raised in Lee's pro se brief. Rather, our rationale for denying appellate counsel's motion to withdraw was that "[a]n argument regarding the constitutionality of the provisions of the Reagan Tokes Law, and thus, [Lee's] indefinite criminal sentence, is not 'wholly frivolous' when the issue is currently pending in the Ohio Supreme Court, including ripeness of the issue for review on a certified conflict." (Jan. 26, 2022 Judgment Entry).

**{¶7}** In Lee's first assignment of error, he argues that his sentence is contrary to law. Lee alleges that the indefinite-sentencing provisions of the Reagan Tokes Law, under which he was sentenced, are unconstitutional because they violate the doctrine of separation of powers, due process, and right to trial by jury. In his second assignment of error, Lee contends that his trial counsel was ineffective for failing to challenge the imposition of the indefinite-sentencing provisions of the Reagan Tokes Law.

*Standard of Review for Felony Sentences*

**{¶8}** Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Case No. 1-21-27

*Constitutionality of the Reagan Tokes Law*

{¶9} Lee argues that his sentence is contrary to law because the indefinite-sentencing provisions of the Reagan Tokes Law,[2] under which he was sentenced, run afoul of the separation of powers doctrine, his right to due process, and his right to a jury trial. At the onset, we note that Lee failed to object to the constitutionality of the Reagan Tokes Law in the trial court. "The '[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.'" *State v. Barnhart*, 3d Dist. Putnam No. 12-20-08, 2021-Ohio-2874, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. "However, we retain the discretion to consider a waived constitutional argument under a plain-error analysis." *Id.* at ¶ 8. "An error qualifies as 'plain error' only if it is obvious and but for the error, the outcome of the proceeding clearly would have been otherwise." *Id.* In this case, we elect to exercise our discretion to review Lee's constitutional arguments for plain error. *See id.* at ¶ 8, 15 (reviewing "waived" challenge to the constitutionality of the Reagan Tokes Law for plain error).

---

[2] Because we have thoroughly explained these provisions in previous opinions, we need not do so here. *See, e.g.*, *State v. Barnhart*, 3d Dist. Putnam No. 12-20-08, 2021-Ohio-2874, ¶ 9; *State v. Hiles*, 3d Dist. Union No. 14-20-21, 2021-Ohio-1622, ¶ 11-16.

{¶10} Lee's challenges do not present a matter of first impression in this court. Since the indefinite-sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite-sentencing provisions of the Reagan Tokes Law do not facially violate the separation of powers doctrine, infringe on defendants' due process rights, or violate the right to a trial by jury. *E.g.*, *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21.

{¶11} In this case, Lee asks us to reconsider our earlier decisions. In recent months, a number of defendants have requested the same of us—requests that we have uniformly rejected. *E.g.*, *State v. Abston*, 3d Dist. Henry No. 7-21-04, 2022-Ohio-884, ¶ 33; *Wolfe* at ¶ 22; *Barnhart* at ¶ 12-15; *State v. Mitchell*, 3d Dist. Allen No. 1-21-02, 2021-Ohio-2802, ¶ 17; *State v. Rodriguez*, 3d Dist. Seneca No. 13-20-07, 2021-Ohio-2295, ¶ 15. As Lee has not presented us with any compelling reason to depart from our earlier precedent on facial challenges to the indefinite-sentencing provisions of the Reagan Tokes Law, we once again decline to do so.

{¶12} Lee also tacitly challenges the indefinite-sentencing provisions of the Reagan Tokes Law as applied to him, contending that they violate his constitutional right to due process and trial by jury. In the past, we have held that certain as-

applied challenges to these provisions were not ripe for review. *See*, *e.g.*, *State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, ¶ 11. However, the Supreme Court of Ohio recently decided *State v. Maddox*, ___ Ohio St.3d ___, 2022-Ohio-764, and determined that constitutional challenges to the indefinite-sentencing provisions of the Reagan Tokes Law are ripe for review. Based on the holding in *Maddox*, we will address Lee's argument that the indefinite-sentencing provisions of the Reagan Tokes Law violate his right to a jury trial and due process.

{**¶13**} In reviewing the matter, we emphasize that statutes are presumed constitutional, and it is Lee's burden to demonstrate that the statute at issue is unconstitutional. *State v. Thompkins*, 75 Ohio St.3d 558, 1996-Ohio-264. Lee has presented no compelling authority undermining the constitutionality of the indefinite-sentencing provisions of the Reagan Tokes Law.

{**¶14**} Notwithstanding this point, numerous Ohio courts of appeals have already rejected challenges similar to Lee's. *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465, ¶ 25; *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010, 2021-Ohio-3282, ¶ 18; *State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 25; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, ¶ 46 (en banc). We agree with the reasoning expressed by these courts and determine that Lee's "as-applied" challenges regarding the jury trial and due process issues are unavailing.

{¶15} In sum, we conclude that the indefiniteness of Lee's sentence does not render his sentence contrary to law. Therefore, Lee's first assignment of error is overruled.

*Ineffective Assistance of Counsel*

{¶16} In his second assignment of error, Lee argues that his trial counsel performed deficiently by failing to object to the constitutional validity of the Reagan Tokes Law. However, through our resolution of Lee's first assignment of error, we have effectively preempted this argument.

{¶17} To show plain error, "[t]he accused is * * * required to demonstrate a reasonable *probability* that the error resulted in prejudice—the same deferential standard for reviewing ineffective assistance of counsel claims." (Emphasis sic.) *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22. Therefore, as the prejudice standards for plain-error and ineffective-assistance-of-counsel claims are the same, we have already determined that Lee was not prejudiced by his trial counsel's performance with respect to his failure to object to application of the Reagan Tokes Law, regardless of whether such performance was deficient. *State v. Nurein*, 3d Dist. Union No. 14-21-18, 2022-Ohio-1711, ¶ 60. For this reason, we need not further consider Lee's ineffective-assistance-of-counsel claim. *Id.*, citing *State v. Jarrell*, 4th Dist. Gallia No. 15CA8, 2017-Ohio-520, ¶ 51.

{¶18} Lee's second assignment of error is overruled.

Case No. 1-21-27

*Lee's Pro Se Filing*

{¶19} As detailed in our review of the procedural history of the case, on November 15, 2021, Lee filed a document styled "Pro Se Merit Brief of Appellant James M. Lee." In this pro se brief, Lee raised three "assignments of error." First, Lee argued that his trial counsel was ineffective for failing to seek dismissal of the case due to an alleged defect in the indictment, namely that the indictment was not properly signed. Second, Lee alleged that the trial court lacked subject-matter jurisdiction because the indictment allegedly did not specify venue. Third, Lee argued that his guilty plea was not made knowingly, intelligently, and voluntarily because his trial counsel failed to advise him that he would be entitled to acquittal or to a judgment on the lesser-included offense of burglary in violation of R.C. 2911.12(A)(3) if he proceeded to trial.[3]

{¶20} Lee's appellate counsel seeks to raise the assignments of error raised in Lee's pro se merit brief by reference. "It is well-established that 'the Rules of Appellate Procedure do not permit parties to "incorporate by reference" arguments from other sources.'" *Ebbing v. Lawhorn*, 12th Dist. Butler No. CA2011-07-125, 2012-Ohio-3200, ¶ 31, quoting *Kulikowski v. State Farm Mut. Ins. Co.*, 8th Dist. Cuyahoga Nos. 80102 and 80103, 2002-Ohio-5460, ¶ 55. *See also* App.R.

---

[3] Although Lee frames his third assignment of error as a challenge to the knowing and voluntary nature of his guilty plea, his argument may be more accurately characterized as an allegation that his trial counsel was ineffective for allowing him to enter a plea to the original charge.

12(A)(2); App.R. 16(A). However, in the interest of justice, we considered the assignments of error raised in Lee's pro se brief on their merits. After considering Lee's arguments, the applicable portions of the record, and the relevant statutory and case law we do not find merit in any of his three assignments of error. *State v. Colston*, 12th Dist. Clermont No. CA2004-11-099, 2005-Ohio-7031, fn. 1; *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, ¶ 73; *State v. Scott-Hoover*, 3d Dist. Crawford No. 3-04-11, 2004-Ohio-4804, ¶ 18. Therefore, the assignments of error raised in Lee's pro se brief are overruled.

*Conclusion*

**{¶21}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/jlr**