**[Cite as *State v. Harris*, 2024-Ohio-2993.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2024-0054 |
| TERRY A. HARRIS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2017-0183

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    August 7, 2024

APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. PALMER
27 North Fifth Street
Zanesville, OH 43701

For Defendant-Appellant

TERRY A. HARRIS PRO SE
#740-879
15708 McConnelsville Road
Caldwell, OH 43724

*Gwin, J.,*

{¶1} In this pro se appeal, Defendant-appellant Terry Harris ["Harris"] argues that the trial judge created a manifest injustice by overruling his post-sentence motion to withdraw his guilty plea.

{¶2} Because we find Harris has failed to present any evidence within or outside the record of newly discovered evidence, and that the allegation of ineffective assistance of counsel is barred by res judicata, we affirm the decision of the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶3} Harris entered guilty pleas to multiple counts of possession and trafficking of narcotics in 2017 and was sentenced to an aggregate prison term of 19 years. We affirmed Harris's convictions and sentence upon direct appeal. *State v. Harris*, 2018-Ohio-2257 (5th Dist.).

{¶4} On May 24, 2023, Harris filed a pro se "Motion for Discovery and Transcripts" and the trial court overruled the motion by judgment entry dated May 31, 2023. We affirmed the trial judge's denial of the motion on appeal. *State v. Harris,* 2023-Ohio-3705 (5th Dist.).

{¶5} On April 1, 2024, Harris filed a motion to withdraw his guilty plea, alleging ineffective assistance of counsel because his attorney failed to obtain the affidavit used to obtain the search warrant. The trial judge overruled the motion without a hearing by Judgment Entry filed April 22, 2024.

*Assignments of Error*

{¶6} Harris raises two Assignments of Error,

{¶7} "I. A MANIFEST INJUSTICE HAS OCCURRED DUE TO APPELLANT TERRY A HARRIS' TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO FILE A MOTION TO SUPPRESS THE AFFIDAVIT ESTABLISHING PROBABLE CAUSE, THE SEARCH WARRANT, AND THE ILLEGALLY OBTAINED EVIDENCE SEIZED FROM HIS RESIDENCE AND FOR ADVISING HIM TO ACCEPT A GUILTY PLEA; DEPRIVING APPELLANT OF HIS CONSTITUTIONAL RIGHTS TO A FAIR TRIAL AND EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶8} "II. A MANIFEST INJUSTICE HAS OCCURRED DUE TO APPELLANT TERRY A. HARRIS BEING PREVENTED FROM DISCOVERING BOTH THE SEARCH WARRANT AND AFFIDAVIT ESTABLISHING PROBABLE CAUSE; HAD HE HAD ACCESS TO THIS INFORMATION, HE WOULD NOT HAVE PLED GUILTY TO THE CHARGES BECAUSE THE POLICE VIOLATED HIS FOURTH AMENDMENT RIGHTS TO BE FREE OF ILLEGAL SEARCH AND SEIZURE UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION."

### *Pro se appellants*

{¶9} We understand that Harris has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst*., 2006–Ohio–3316, ¶ 9 (10th Dist.). *See, also, State v. Hall*, 2008–Ohio–2128, ¶ 11 (11th Dist.). We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 2005–Ohio–6494, ¶ 4 (8th Dist.)

(internal quotation omitted); *Haines v. Kerner,* 404 U.S. 519, 520-521 (1972) (pleadings prepared by prisoners who do not have access to counsel should be liberally construed); *McNeil v. United States,* 508 U.S. 106, 113 (1993) (same). Although in a pro se action the court allows latitude to the unrepresented defendant in the presentation of his case, the court is not required to totally throw the Rules out the window. *See, Wellington v. Mahoning Cty. Bd. of Elections,* 2008-Ohio-554, ¶18. (A substantial disregard for the rules cannot be tolerated); *Houston v. Lack*, 487 U.S. 266 (1988) (*some* procedural rules must give way because of the unique circumstance of incarceration) (emphasis added).

{¶10} One area where this Court does not have discretion to overlook, is where facts, argument or evidence has been presented in the appellate brief that were not presented to the trial court during the proceedings in the lower court. In *State v. Hooks*, 92 Ohio St.3d 83(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 1980 WL 350992 (4th Dist., Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, (10th Dist. 1963). New material and factual assertions contained in any brief in this court may not be considered. *See, North v. Beightler*, 2006-Ohio-6515, ¶ 7, *quoting Dzina v. Celebrezze*, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 16. Therefore, we have disregarded facts and documents in the parties brief that are outside of the record. *State v. Stevens*, 2023-Ohio-2736, ¶¶ 16-18 (5th Dist.).

***Incorporate by reference the arguments contained in other filings in lieu of presenting arguments in support of or opposing assignments of error is improper***

{¶11} In the case at bar, the state in its brief presents only the following argument, "Appellee incorporates by reference its Memorandum in Opposition to Appellant's Motion to Withdraw His Plea. (See Exhibit 1) filed in the Common Pleas Court April 8, 2024."

{¶12} It is well-established that, "the Rules of Appellate Procedure do not permit parties to "incorporate by reference' arguments from other sources." *Kulikowski v. State Farm Mut. Ins. Co.*, 2002–Ohio–5460, ¶ 56 (8th Dist.); *Tripodi Family Trust v. Muskingum Watershed Conservancy Dist.*, 2008-Ohio-6902 (5th Dist.); *McNeilan v. Ohio State Univ. Med. Ctr.,* 2011–Ohio–678 (10th Dist.); *Ebbing v. Lawhorn,* 2012-Ohio-320, ¶31 (12th Dist.); *Mancz v. McHenry,* 2021-Ohio-82, ¶88 (2nd Dist.); *State v. Lee,* 2022-Ohio-2622, ¶20 (3rd Dist.); *Thomas v. Vesper,* 2003-Ohio-1856, ¶ 31 (5th Dist.).

{¶13} According to App.R. 12(A)(2), "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." *Legacy Academy for Leaders v. Mt. Calvary Pentecostal Church*, 2013–Ohio–4214, ¶ 20, (10th Dist.), c*iting State ex rel. Capretta v. Zamiska,* 2013–Ohio–69, ¶ 12, *citing in re Application of Columbus S. Power Co.,* 2011–Ohio–2638, ¶ 14. An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392-393(1988); *Abon, Ltd. v. Transcontinental Ins. Co.*, 2005 WL 1414486, ¶100 (5th Dist. June 16, 2005); *State v. Miller*, 2004-Ohio-4636, ¶41 (5th Dist.). "Errors not treated in the brief will be regarded

as having been abandoned by the party who gave them birth." *Uncapher v. Baltimore & Ohio Rd. Co.*, 127 Ohio St. 351, 356 (1933).

**{¶14}** The state has failed to present any arguments supporting its position that the trial court properly denied Harris's motion to withdraw his guilty plea. Consequently, pursuant to App.R. 16(A)(7) and 12(A)(2), we disregard the state's brief.

**{¶15}** In the interests of justice, we shall attempt to consider Harris's assignments of error.

I. & II.

**{¶16}** Harris's two Assignments of Error challenge the trial court's denial of his post-sentence motion to withdraw his guilty plea. After reviewing Harris's brief, including his contentions, we have interpreted Harris's two assignments of error in the following manner: "the trial judge abused his discretion in denying Harris's post-sentence motion to withdraw his negotiated guilty plea on the basis of ineffective assistance of counsel.

**Standard of Appellate Review**

**{¶17}** Crim.R. 32.1 provides that a trial court may grant a defendant's post sentence motion to withdraw a guilty plea only to correct a manifest injustice. Therefore, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261(1977), paragraph one of the syllabus. *Accord, State v. Ahmed*, 2018-Ohio-181, ¶15 (5th Dist.). "A 'manifest injustice' is a 'clear or openly unjust act,' *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998), and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice, *State v. Tekulve*, 2010-Ohio-3604, ¶ 7 (1st Dist.), *citing Kreiner* at 208 and *Smith* at 264. The term 'has been variously

defined, but it is clear that under such standard, a post sentence withdrawal motion is allowable only in extraordinary cases.' *Smith* at 264." *State v. Straley*, 2019-Ohio-5206, ¶14.

{¶18} Although Crim.R. 32.1 does not provide a time limit for moving to withdraw after a sentence is imposed, "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith,* 49 Ohio St.2d at 264, *citing Oksanen v. United States*, 362 F.2d 74, 79 (8th Cir. 1966). And generally, res judicata bars a defendant from raising claims in a Crim.R. 32.1 post sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal. *See, State v. Ketterer*, 2010-Ohio-3831, ¶ 59.

{¶19} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith* at paragraph two of the syllabus. Thus, we review a trial court's denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard. *Smith* at paragraph two of the syllabus; *State v. Francis*, 2004-Ohio-6894, ¶ 32; *State v. Straley,* 2019-Ohio-5206, ¶15.

{¶20} This Court has recognized that an abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 2014-Ohio-477, ¶35 (9th Dist.);

*In re Guardianship of S.H.*, 2013–Ohio–4380, ¶ 9; (9th Dist.) *State v. Firouzmandi,* 2006–Ohio–5823, ¶54 (5th Dist.).

I. & II.

*Harris Filed A Direct Appeal from His Conviction and Sentence*

**{¶21}** Before addressing Harris's Assignments of Error, we note that Harris filed a direct appeal in his case. *State v. Harris*, 2018-Ohio-2257 (5th Dist.). In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97–98 (1978), the Supreme Court of Ohio explained that:

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea *subsequent to an appeal and an affirmance by the appellate court.* While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

Id. at 97–98 (emphasis added).

**{¶22}** The defendant in *Special Prosecutors* pled guilty to murder, the court of appeals affirmed his conviction, and the defendant thereafter moved to withdraw his plea, which the trial court granted. Id. at 94. The state did not appeal, but, before the defendant's case could proceed to trial, it filed a complaint for a writ of prohibition, seeking to prevent the trial from taking place. Id. The state argued that the trial court did not have jurisdiction to let the defendant withdraw his plea. The Supreme Court granted the writ

because it concluded that a trial court does not have jurisdiction to consider a motion to withdraw a plea after an appellate court has affirmed the defendant's conviction. Id. at 98. Specifically, the Supreme Court noted that "the trial court lost its jurisdiction when the appeal was taken, and, absent a remand, it did not regain jurisdiction subsequent to the Court of Appeals' decision." Id. at 97. Accord, *State ex rel. Corday v Marshall,* 2009-Ohio-4986, ¶33; *State v. Baldwin,* 2011-Ohio-495, ¶15 (5th Dist.).

**{¶23}** Subsequently, in *State v. Davis,* the Ohio Supreme Court modified the holding in *Special Prosecutors* as follows,

> [W]e hold that a trial court retains jurisdiction to decide a motion for a new trial *based on newly discovered evidence when the specific issue has not been decided upon direct appeal.*

2011-Ohio-5028, ¶37 (emphasis added).

**{¶24}** Thus, to prevail, Harris's motion to withdraw his guilty plea must be based upon newly discovered evidence.

*Harris's Evidence is Not Newly Discovered*

**{¶25}** Harris does not explain the seven-year delay in seeking to withdraw his plea. The affidavit and the search warrant, which Harris claims that his trial attorney was unaware, were issued in 2017. The search warrant and the affidavit were available in 2017 and cannot be considered newly discovered evidence.

**{¶26}** Harris has submitted no evidentiary quality material to establish that they are newly discovered evidence, or that his trial attorney was not aware of the documents.

*Ineffective Assistance of Counsel – Failure to File Motion to Suppress*

{¶27}  Harris contends that his trial counsel was ineffective because he did not file a motion to suppress evidence he claims was illegally obtained.

{¶28}  To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel was ineffective, i.e., whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his or her essential duties to their client. *Strickland v. Washington*, 466 U.S. 668 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

{¶29}  Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test, whether the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. Id. This requires a showing that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id.

{¶30}  Trial counsel's failure to file a suppression motion does not per se constitute ineffective assistance of counsel. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000). *Accord, State v. Ortiz*, 2016-Ohio-354, ¶ 56 (5th Dist.). Counsel can only be found ineffective for failing to file a motion to suppress if, based on the record, the motion would have been granted. *State v. Lavelle*, 2008-Ohio-3119, ¶ 47 (5th Dist.); *State v. Cheatam*, 2007-Ohio-3009, ¶ 86 (5th Dist.). The defendant must further show that there is a

reasonable probability that the outcome would have been different if the motion had been granted or the defense pursued. *See Kimmelman v. Morrison*, 477 U.S. 365, 375(1986); *see, also, State v. Santana*, 90 Ohio St.3d 513(2001), *citing   State v. Lott*, 51 Ohio St.3d 160(1990).

*Harris's Ineffective Assistance of Counsel Arguments are Barred by Res Judicata*

{¶31}  Harris was represented on appeal by a different attorney than represented him in the trial court. The issue of trial counsel's failure to file a motion to suppress could have been raised on direct appeal. Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal. *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996), r*eaffirming State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. More specifically, a criminal defendant cannot raise any issue in a post-sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal. *State v. Brown,* 167 Ohio App.3d 239, ¶7 (10th Dist.) (collecting cases).

{¶32}  We note that Harris did not present affidavits, even his own, records or other evidentiary quality material with his motion to withdraw his guilty plea filed in the trial court. He simply concludes that because his trial attorney did not file a motion to suppress, he must not have looked at the search warrant and its accompanying affidavit.

{¶33}  As trial counsel's failure to file a motion to suppress the search warrant could have been raised on direct appeal, the argument is barred by res judicata.

*Conclusion*

**{¶34}**  The search warrant and the affidavit were issued in 2017; therefore, they are not newly discovered evidence. Trial counsel did not represent Harris in his direct appeal to this Court; therefore, the issue of ineffective assistance of trial counsel for failure to file a motion to suppress could have been raised on direct appeal, and because it was not, it is barred by res judicata.

**{¶35}**  Accordingly, under the circumstances of the case *sub judice*, we are unpersuaded the trial judge abused his discretion in declining to find a manifest injustice warranting the extraordinary step of withdrawing Harris's guilty plea.

**{¶36}**  We therefore overrule Harris's First and Second Assignments of Error.

**{¶37}**  The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P.J., and

Baldwin, J., concur