[Cite as *State v. Jones*, 2025-Ohio-1925.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P.J. |
|  | : | Hon. Kevin W. Popham, J. |
| Plaintiff-Appellee | : | Hon. David M. Gormley, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2025-0032 |
| JAMES A.R. JONES | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Appeal from the Muskingum County Court of Common Pleas, Case No. CR2022-0201

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: May 27, 2025

APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. PALMER
27 North Fifth St.
Zanesville, OH 43701

For Defendant-Appellant

JAMES A.R. JONES PRO SE
#A799214
Belmont Correctional Institution
Box 540
St. Clairsville, OH 43950

*Popham, J.,*

{¶1}   Defendant-Appellant James A.R. Jones ("Jones") appeals the February 27, 2025, Judgment Entry of the Muskingum County Court of Common Pleas which overruled his post-sentence motion to withdraw his guilty plea.  We affirm the trial court.

*Facts and Procedural History*

{¶2}   On May 3, 2022, the Muskingum County Grand Jury indicted Jones on one count of engaging in a pattern of corrupt activity, a first-degree felony in violation of R.C. 2923.32(A)(1), and four counts of robbery, second-degree felonies in violation of R.C. 2911.02(A)(2).  On May 3, 2022, Jones, represented by counsel, appeared at an arraignment hearing.  Jones entered into a plea agreement waiving prosecution by indictment and instead being arraigned upon a bill of information.  *State v. Jones*, 2023-Ohio-3930, ¶ 2 (5th Dist.), *discretionary appeal not allowed*, 2024-Ohio-1832 ("*Jones I*").

{¶3}   The plea agreement stipulated that Jones would plead guilty to all counts in exchange for a jointly recommended prison term of 15 years.  The parties also agreed to the findings necessary for imposition of consecutive sentences.  *Id.* at ¶ 3.

{¶4}   At the change-of-plea hearing on May 3, 2022, the trial court accepted the guilty pleas.  Jones waived a pre-sentence investigation and elected to proceed with sentencing.  The trial court sentenced Jones on Count One to an indefinite prison term with a mandatory minimum length of 11 years and a maximum length of 16.5 years.  The trial court, on Counts Two through Five, imposed a mandatory prison term of four years for each count, to be served concurrently.  The sentence for Count One was ordered to run consecutively to the sentence for Counts Two through Five.  Accordingly, Jones

received an indefinite prison term with an aggregate minimum length of 15 years and a maximum length of 20.5 years.

{¶5} On February 23, 2023, Jones filed a "Motion for Order Granting Public Record – Post Discovery Request Disclosure from Muskingum County Prosecutors Office" arguing that he was entitled to postconviction discovery because his defense counsel failed to obtain discovery before advising him to plead guilty to the Bill of Information. Jones contended that his guilty plea was not knowingly, intelligently, or voluntarily given due to his counsel's lack of discovery. The trial court denied the motion, and Jones appealed. This Court affirmed the trial court decision. *Id.* at ¶ 17. As noted, the Supreme Court of Ohio declined jurisdiction over the appeal. *State v. Jones,* 2024-Ohio-1832 (Table).

{¶6} On June 13, 2024, Jones filed a "Motion for Withdrawal of Plea of Guilty, With Supporting Affidavits and Evidence, Ohio Crim.R. 32.1," arguing that his defense counsel provided ineffective assistance by failing to investigate the allegations before advising him to plead guilty, and by not obtaining discovery from the State. Jones further implied that trial counsel should have filed a motion to suppress evidence, summarily stating, "Counsel did not interview defendant before recommending a plea, nor did counsel recognize the illegal seizure and custodial interrogation of defendant," without providing factual support for this assertion. His affidavit accompanying the motion stated that he was arrested on April 27, 2022, and held until his arraignment on May 3, 2022. The affidavit further stated he met with defense counsel that morning – May 3, 2022, who advised him to plead guilty without reviewing any discovery or discussing possible defenses.

**{¶7}** On July 9, 2024, the trial court overruled Jones' Crim.R. 32.1 motion, and this Court affirmed that decision in February of this year. *State v. Jones,* 2025-Ohio-346, (5th Dist.) ("*Jones II*") [1].

**{¶8}** On July 11, 2024, Jones filed a Request for Leave to Request Public Records pursuant to R.C. 149.43(B)(8), seeking information and records from the prosecutor's office and the Zanesville Police Department regarding their investigation, his arrest, and prosecution. He again argued that his guilty plea was not knowingly, intelligently, or voluntarily given due to his counsel's failure to obtain discovery.

**{¶9}** On July 15, 2024, this Court dismissed Jones's mandamus action seeking public records from "Mayor, Donald Mason" the mayor of Zanesville, Ohio because Jones failed to identify a proper respondent and failed to properly caption his complaint. *Jones v. Mayor Donald Mason*, 5th Dist. No. CT2024-0068.

**{¶10}** On February 20, 2025, the trial court denied Jones' July 11, 2024, request for leave to request public records, finding that Jones "does not have a pending matter seeking relief" and that the issues he raised had previously been decided on appeal.[2]

**{¶11}** On February 25, 2025, this Court dismissed Jones' mandamus action seeking public records and naming the Muskingum County Court of Common Pleas as Respondent because Jones named an incorrect respondent. *Jones v. Muskingum County CPC,* 5th Dist. No. 2025-0018.

**{¶12}** On February 26, 2025, Jones again filed a Motion for Withdrawal of Guilty Plea, along with his affidavit, the plea agreement and waiver of indictment. Jones alleged

---

[1] On February 24, 2025, Jones filed a discretionary appeal with the Supreme Court of Ohio, which on May 13, 2025, declined jurisdiction. 2025-Ohio-1682.

[2] Jones has appealed this decision in *State v. Jones,* 5th Dist. No. CT2025-0025.

newly discovered evidence claiming, "he was unaware that his signature was forged on the "waiver of indictment" and the "plea agreement." Jones attached two copies of the plea agreement and the Waiver and Plea of Guilty to Prosecutors Bill of Information, one filed as an exhibit to the State's brief in *Jones II,* purporting to show his signature to be different. The trial court denied the motion by entry filed February 27, 2025.

{¶13} Jones now appeals the trial court's decision of February 27, 2025, denying his motion to withdraw guilty plea.

{¶14} Jones, pro se, raises one Assignment of Error:

*Assignment of Error*

{¶15} I. THE TRIAL [sic] ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA BY NOT AFFORDING APPELLANT A FAIR AND MEANINGFUL REVIEW OR GRANTING AN EVIDENTIARY HEARING. WHEN APPELLANT CLEARLY ESTABLISHED A MANIFEST INJUSTICE REQUIRING THAT HIS PLEA BE WITHDRAWN BY SUBMITTING NEWLY DISCOVERED DOCUMENTARY EVIDENCE. [sic] IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION.

### *Pro se appellants*

{¶16} We understand that Jones has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 2006-Ohio-3316, ¶ 9 (10th Dist.). *See also State v. Hall*, 2008-Ohio-2128, ¶ 11 (11th Dist.). We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 2005-Ohio-6494, ¶ 4 (8th Dist.)

(internal quotation omitted); *Haines v. Kerner,* 404 U.S. 519, 520-521 (1972) (pleadings prepared by prisoners who do not have access to counsel should be liberally construed); *McNeil v. United States,* 508 U.S. 106, 113 (1993) (same); *Houston v. Lack*, 487 U.S. 266 (1988) (some procedural rules must give way because of the unique circumstance of incarceration). *See also State v. Harris*, 2024-Ohio-2993, ¶¶ 9 – 10 (5th Dist.).

{¶17} Although in a pro se action this Court allows latitude to the unrepresented defendant in the presentation of his case, this Court is not required to totally throw the rules out the window. *See, Wellington v. Mahoning Cty. Bd. of Elections,* 2008-Ohio-554, ¶ 18. (A substantial disregard for the rules cannot be tolerated).

{¶18} This Court does not have discretion and must disregard facts, arguments, or evidence presented in the appellate brief when those facts, arguments, or evidence were not presented to the trial court. In *State v. Hooks*, 92 Ohio St.3d 83 (2001), the Supreme Court of Ohio noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402 (1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 1980 WL 350992 (4th Dist., Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59 (10th Dist. 1963). New material and factual assertions contained in any brief in this court may not be considered. *See North v. Beightler*, 2006-Ohio-6515, ¶ 7, *quoting Dzina v. Celebrezze*, 2006-Ohio-1195, ¶ 16. Therefore, we have disregarded facts in the parties' briefs that are outside of the trial court record. *State v. Stevens*, 2023-Ohio-2736, ¶ 16 (5th Dist.).

I.

{¶19}   After reviewing Jones' brief including his contentions, we have interpreted his sole assignment of error as follows: "the trial court abused its discretion in denying Jones' post-sentence motion to withdraw his negotiated guilty plea without a hearing on the basis of newly discovered evidence."

## Standard of Appellate Review

{¶20}   Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice.  Therefore, "a defendant seeking to withdraw a plea of guilty after sentence has the burden of establishing the existence of manifest injustice."  *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus.  *Accord State v. McKnelly*, 2024-Ohio-2696, ¶ 21 (5th Dist.); *State v. Ahmed*, 2018-Ohio-181, ¶ 5 (5th Dist.).

{¶21}   A "manifest injustice" is a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998), and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice, *State v. Tekulve*, 2010-Ohio-3604, ¶ 7 (1st Dist.), *citing Kreiner* at 208 and *Smith* at 264. The term "has been variously defined, but it is clear that under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264; *McKnelly*, ¶ 22.

{¶22}   Although Crim.R. 32.1 does not provide a time limit for moving to withdraw after a sentence is imposed, "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith,* 49 Ohio St.2d at 264, *citing Oksanen v. United States*, 362 F.2d 74, 79 (8th Cir. 1966).

**{¶23}** A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court. *Smith* at paragraph two of the syllabus. Thus, we review a trial court's denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard. *Id.*; *State v. Francis,* 2004-Ohio-6894, ¶ 32; *State v. Straley*, 2019-Ohio-5206, ¶ 15.

**{¶24}** A trial court does not automatically have to hold a hearing on a post-sentence motion to withdraw a guilty plea. *State v. Dull,* 2020-Ohio-4229, ¶ 35 (5th Dist.). A hearing must be held only if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *Id. See also State v. Harris*, 2014-Ohio-2633 (5th Dist.). The decision whether to hold a hearing on a post-sentence motion to withdraw a guilty plea is left to the discretion of the trial court. *State v. Smith*, 49 Ohio St.2d 261 (1977).

**{¶25}** Therefore, this Court's review of the trial court's decision not to hold a hearing is limited to a determination of whether the trial court abused its discretion. *Dull,* 2020-Ohio-4229, ¶ 36. *See also State v. Harris*, 2014-Ohio-2633 (5th Dist.).

**{¶26}** This Court, and others, have recognized that an abuse-of-discretion can be found where the reasons given by the trial court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick*, 2014-Ohio-477, ¶ 35 (9th Dist.); *In re Guardianship of S.H.*, 2013-Ohio-4380, ¶ 9 (9th Dist.); *State v. Firouzmandi*, 2006-Ohio-5823, ¶ 54 (5th Dist.); *McKnelly*, 2024-Ohio-2696, ¶ 24.

**Successive motions to withdraw plea**

{¶27} Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense, or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal. *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996), *reaffirming State v. Perry*, 10 Ohio St.2d 175 (1967) paragraph nine of the syllabus. More specifically, a criminal defendant cannot raise any issue in a post- sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal. *State v. Ketterer*, 2010-Ohio-3831, ¶ 59; *State v. Brown,* 2006-Ohio-3266, ¶ 7 (10th Dist.) (citations omitted). *See also State v. Lightfoot*, 2016-Ohio-7755, ¶ 13 (5th Dist.).

{¶28} Jones previously filed a motion to withdraw his guilty plea arguing ineffective assistance of trial counsel because counsel failed to investigate the allegations before advising him to plead guilty and did not obtain discovery from the State, and this Court affirmed the trial judge's denial of that motion. *See Jones II.*

{¶29} In *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97–98 (1978), the Supreme Court of Ohio explained:

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea *subsequent to an appeal and an affirmance by the appellate court.* While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for

this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

*Id.* at 97–98 (emphasis added). The defendant in *Special Prosecutors* pled guilty to murder, the court of appeals affirmed his conviction, and the defendant thereafter moved to withdraw his plea, which the trial court granted. *Id.* at 94. The state did not appeal, but, before the defendant's case could proceed to trial, it filed a complaint for a writ of prohibition, seeking to prevent the trial from taking place. *Id.* The state argued that the trial court did not have jurisdiction to let the defendant withdraw his plea. The Supreme Court of Ohio ruled that a trial court does not have jurisdiction to consider a motion to withdraw a plea after an appellate court has affirmed the defendant's conviction. *Id. at* 98. Specifically, the Supreme Court noted that "the trial court lost its jurisdiction when the appeal was taken, and, absent a remand, it did not regain jurisdiction subsequent to the Court of Appeals' decision." *Id.* at 97. *Accord, State ex rel. Corday v Marshall,* 2009-Ohio-4986, ¶ 33; *State v. Baldwin,* 2011-Ohio-495, ¶ 15 (5th Dist.).

{¶30} Subsequently, in *State v. Davis,* the Supreme Court of Ohio modified the holding in *Special Prosecutors* as follows,

> [W]e hold that a trial court retains jurisdiction to decide a motion for a new trial *based on newly discovered evidence when the specific issue has not been decided upon direct appeal.*

2011-Ohio-5028, ¶ 37 (emphasis added). *See also State v. Cobb,* 2024-Ohio-916, ¶ 15 (9th Dist.) (Trial court did not lack jurisdiction to consider a motion to withdraw guilty plea based on issue not decided in his direct appeal).

**{¶31}** Thus, to prevail, Jones' motion to withdraw his guilty plea must be based upon newly discovered evidence. *State v. Harris*, 2024-Ohio-2993, ¶ 24 (5th Dist.).

**{¶32}** With these principles as our guide, we turn now to Jones' motion to withdraw his guilty plea and the trial court's denial of that motion.

**Issue for Appellate Review**: *Whether the trial judge abused his discretion by overruling Jones' post-sentence motion to withdraw his negotiated guilty plea without a hearing*

**{¶33}** During Jones' change-of-plea hearing, the prosecutor informed the trial court that a three-page form had been signed by Jones, his defense counsel, and the prosecutor. The trial judge confirmed that he had the document in his possession. *See* T. *Bill of Information and Sentencing Hearing*, May 3, 2022 at 4; *Waiver and Plea of Guilty to Prosecutor's Bill of Information*, filed May 3, 2022. (Docket Entry No. 2).

**{¶34}** Jones now argues that the prosecutor submitted forged documents—specifically, the waiver of indictment and the plea agreement—as exhibits attached to the State's brief filed on October 1, 2024, in *Jones II*. *See Motion to Withdraw Guilty Plea,* filed Feb. 26, 2025 at 5.

**Jones' Claims**

**{¶35}** A comparison of the documents Jones claims were forged shows that they are, in fact, the same documents filed with the clerk of courts. Jones was present when the prosecutor stated that he had signed the three-page document, yet he did not object at the time. Additionally, the documents Jones attached to his motion as the "original copy" are not part of the official record. While he claims discrepancies in the signatures, he does not aver that he never signed a plea agreement or a waiver of indictment form.

Nor does he aver that the subject matter of the two documents differs in any way. Our review confirms that the content is identical.

{¶36} Even if this Court accepted the signature discrepancy, Jones provides no evidence that he did not knowingly, intelligently, and voluntarily enter his plea. He was present at the plea hearing, represented by counsel, and actively waived indictment and pled guilty in open court. The trial court found that the plea was made knowingly, intelligently, and voluntarily, and Jones's conduct, i.e., signing the documents and hearing his rights explained, undermines any claim of forgery or confusion. The May 4, 2022, judgment entry reflects that Jones waived in writing, in open court, prosecution on the indictment, and was arraigned upon a Bill of Information. In *Jones II,* this Court affirmed that Jones's plea was properly entered.

{¶37} A defendant may withdraw a guilty plea after sentencing only upon showing a manifest injustice, i.e., a fundamental flaw causing a miscarriage of justice or denial of due process. Jones has not made that showing.

{¶38} The trial judge did not abuse his discretion in summarily denying the motion. The forgery allegation did not warrant an evidentiary hearing or establish a manifest injustice.

**Conclusion**

{¶39}  Under these circumstances, we find no abuse of discretion in the trial court declining to find a manifest injustice warranting the extraordinary step of withdrawing Jones' guilty plea after sentencing.

{¶40}  Jones' sole Assignment of Error is overruled.

{¶41}  The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Popham, J.,

Baldwin, P.J., and

Gormley, J., concur